IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | NO. 06-CR-0268 |
| v. | : | |
| | : | |
| LEE N. BLATT, | : | |
| HERLEY INDUSTRIES, | : | |
|     Defendants. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                     June 18, 2007

      This case involves a fraud indictment against Herley Industries, a government defense contractor, and its chairman Lee Blatt. In this complex case the parties anticipate a six-week trial involving tens of thousands of pages of documents. Before the court is defendants' motion for pre-trial discovery and inspection. Defendants acknowledge that the government has produced some discovery but they seek additional discovery including agents' notes of interviews of Herley employees and drafts of witness statements, <u>Brady/Giglio</u> material, pretrial notice of Rule 404(b) evidence, and early production of Jencks Act/Rule 26.2 material. At a telephone conference on the motion, the parties informed the court that they had resolved all present discovery disputes except for the issue of the agents' notes. Specifically, the question is whether the government must produce the agent rough notes for the interviews of Herley employees and the

-1-

statements made by the employees and witness statements.  I find that the government should produce the notes and statements under Federal Rule of Criminal Procedure 16 and discuss my reasons in this memorandum.

I.	DISCUSSION

Criminal pretrial discovery is much more limited than civil discovery.  Federal Rule of Criminal Procedure Rule 16, the due process clause of the Fourteenth Amendment, and certain statutes determine what must be produced before trial to a defendant.  United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). Rule 16(a)(1) outlines the government's disclosure obligations:

> (A) *Defendant's Oral Statement.* Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.
>
> (B) *Defendant's Written or Recorded Statement.* Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
> > (i) any relevant written or recorded statement by the defendant if: (1) the statement is within the government's possession, custody, or control; and (2) the attorney for the government knows--or through due diligence could know--that the statement exists;
> > (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
> > (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

Fed. R. Crim. P. 16.  Subsection (C) of Rule 16 pertains to organizational defendants,

such as Herley Industries, and states that upon request:

> ...the government must disclose to the defendant any statement described in Rule 16(a)(1)(A) and (B) if the government contends that the person making the statement:
> (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or
> (ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

FED. R. CRIM. P. 16.

While the government has produced grand jury transcripts and/or interview summaries of over forty witnesses, it objects to defendants' request for rough notes and drafts of witness interviews and argues that this material does not fall within Rule 16(a)(1)(B)(ii). This portion of the rule requires the disclosure of "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." The parties argument centers on whether agent rough notes and draft reports qualify as a written record.[1]

In 1991, the Advisory Committee amended Rule 16 to include this language requiring the disclosure of any written record made by the defendant in response to

---

[1] The government also suggests that the statements do not need to be produced because they were not made in response to interrogation. In support of its position, the government cites United States v. Scott, 223 F.3d 208, 212 (3d Cir. 2000). In this case, the Third Circuit held that defendant's spontaneous statement of "oh, shit" as a bullet fell out of his boot at a police station, was not made in response to interrogation and therefore not subject to Rule 16. Here, however, the statements at issue were made by witnesses during formal interviews conducted by the government during an ongoing grand jury investigation. Many of the witnesses were represented by counsel during the questioning. The responses of these witnesses were made in response to interrogation and therefore differ from the spontaneous utterance in Scott.

interrogation by a government agent, which expanded the government's disclosure requirements.  FED. R. CRIM. P. 16, 1991 Advisory Committee Notes.  This change recognizes a defendant's proprietary interest in statements made during government questioning.  Id.  The Advisory Committee noted that under the new version of Rule 16, "[t]he written record need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and defense to identify the statement."

Courts who have considered this issue have read the plain language of Rule 16 expansively, finding that agent rough notes qualify as written records.[2]  There is no express Third Circuit precedent on this issue, although the existing case law suggests that Rule 16 requires disclosure of agent rough notes.  In United States v. Molina-Guevara, 96 F.3d 698, 705 (3d Cir. 1996), the government conceded before the court that Rule 16 required production of an agent's handwritten notes of her interview with the defendant.  In United States v. Ibrocevic, 142 Fed. Appx. 17, 18 (3d Cir. 2005), the court held that it was harmless error when the government did not hand over the written notes of a Secret Service agent from a post-arrest confession and interview because there was considerable

---

[2] See United States v. Clark, 385 F.3d 609, 619 (6th Cir. 2004) (finding that the government violated Rule 16 by failing to turn over rough notes containing defendant's post-arrest statements because they were a written record of defendant's interview); United States v. Ferguson, 278 F. Supp. 2d 220 (D. Conn. 2007) (reading the plain language of Rule 16 to require disclosure of an agent's interview notes containing defendant's oral statements); United States v. Stein, 424 F. Supp. 2d 720, 728-729 (S.D. N.Y. 2006) (relying on 1991 amendments to Rule 16 to require production of rough interview notes even where the government produced more formal summaries from the notes); United States v. Vallee, 380 F. Supp. 2d 11, 12 (D. Mass. 2005) ("The language of Rule 16 plainly, and unambiguously, requires the production of any handwritten notes of government agents containing the substance of anything said by the defendant during interrogation."); United States v. Grace, 401 F. Supp. 2d 1087, 1090-91 (D. Mont. 2005); United States v. Almohandis, 307 F. Supp. 2d 253, 255-57 (D. Mass. 2004).

evidence of the defendant's guilt; no evidence that the government acted in bad faith; and the government provided a copy of the agent's final report which, according to the agent, contained everything in her notes. One federal district court in this circuit has granted a motion to produce rough notes under Rule 16. United States v. Godson, No. 06-206, 2006 U.S. Dist. LEXIS 84346, at *5-6 (W.D. Pa. Nov. 20, 2006) (granting defendant's motion for the government to preserve and produce agent rough notes and interview reports).

In 2004, the Advisory Committee rejected a proposal to revise Rule 16 to clarify that agent rough notes must be disclosed.[3] The government argues that this decision by the Advisory Committee signals that rough notes are not discoverable under Rule 16. However, a reading of the Advisory Committee's discussion supports the defendants, not the government. The brief paragraph states that "[s]everal members of the Committee observed that the law concerning disclosure of an agent's notes seemed settled, that revising Rule 16 would not change the substance of the law, and that there appeared to be no need for the change." Gov't Resp. Opp'n. Ex. 2, p. 13. While the committee minutes do not describe this "consensus," the cases cited by defendants suggest Rule 16 requires production of any written document, including notes. Moreover, the Committee notes mention a decision by Judge Collins, who had recently found that Rule 16 requires disclosure of rough notes. See Almohandis, 307 F. Supp.2d at 255-57. The government

---

[3] The 2004 Advisory Committee notes are attached to the government's memorandum in opposition to defendants' motion. See Govt' Resp. Opp'n. Ex. 2.

does not cite contrary authority from any jurisdiction; therefore, it is unlikely that the "majority position" the Advisory Committee saw emerging was one finding production of agent rough notes was not required by Rule 16.

## II.     CONCLUSION

For the reasons stated above, I will grant defendant's motion.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | NO. 06-CR-0268 |
| v. | : | |
| | : | |
| LEE N. BLATT, | : | |
| HERLEY INDUSTRIES, | : | |
|     Defendants. | : | |

**O R D E R**

**AND NOW,** this 18th day of June, 2007, upon consideration of defendant's Motion for Pre-Trial Discovery and Inspection (Document No. 19) and the responses thereto and after a telephone conference with the parties, it is hereby **ORDERED** that the motion is **GRANTED in part:**

(1) The government shall immediately produce all agent rough notes and draft reports containing "the substance of any relevant statement" made by persons already recognized by the government as falling within Federal Rule of Criminal Procedure 16(a)(1)(C), including statements of all current and former Herley employees;

(2) The remainder of the motion has been resolved by the parties and is therefore **DENIED** as **MOOT**. The court notes that the government has (a) fulfilled the remainder of defendants' discovery requests under Rule 16; (b) agreed to produce Brady/Giglio material forthwith; and (c) agreed to produce Jencks Act material thirty (30) days before trial unless the government has not yet resolved in good faith whether it will call a specific witness, in which case, the government has fifteen (15) days before trial to produce the information.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.